CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 21 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ROSS M. COLEMAN, ) Civil Action No. 7:12cv00387
)
    Plaintiff, )
)
v. ) **MEMORANDUM OPINION**
)
SOUTHWEST VIRGINIA REGIONAL )
JAIL AUTHORITY, )
) By: Samuel G. Wilson
    Defendant. ) United States District Judge

This is an action pursuant to 42 U.S.C. § 1983 by plaintiff Ross M. Coleman, a Virginia inmate proceeding *pro se*, arising from defendant Southwest Virginia Regional Jail Authority's ("SVRJA") lack of helpfulness with Coleman's petition for a writ of habeas corpus. Coleman seeks injunctive relief "so the next man won't have any problems with legal work." For the reasons stated herein, the court dismisses Coleman's complaint without prejudice.

I.

Coleman claims he "sent a request to [SVRJA staff on July 16, 2012] and asked for a writ of Habeas Corpus." SVRJA staff responded that Coleman would need to "contact family [because] they don't give them." After filing several unsuccessful grievances, Coleman brought this § 1983 action.

II.

"The Constitution does not guarantee an inmate adequate legal assistance and an adequate law library; rather, it guarantees a right to reasonable access to the courts." Harden v. Bodiford, 442 F. App'x 893, 896 (4th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 838 (1977)). "The right of access to the courts is the

'right to bring to court a grievance that the inmate wished to present,' and violations of that right occur only when an inmate is 'hindered [in] his efforts to pursue a legal claim.'" Plyler v. Moore, 100 F.3d 365, 373 (4th Cir. 1996). Correctional facilities must provide those tools "that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. In order to establish a claim of denial of access to the courts, an inmate must allege an *actual injury* (such as the defendants causing an actionable claim to be lost or preventing the plaintiff from filing a claim) resulting from the denial. Lewis, 518 U.S. at 348; Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc).

Here, the only "injury" discernible from Coleman's complaint is his inability to obtain a preprinted form for filing a habeas petition. Coleman has not alleged that SVRJA staff hindered his ability to file a habeas petition, or that he is otherwise unable to file a petition. In fact, within weeks of his first request to SJRVA regarding habeas, Coleman had successfully instituted this § 1983 action. Nothing in Coleman's complaint indicates that SVRJA would interfere with his ability to do the same with a habeas petition. The court therefore finds that Coleman's allegations are insufficient to state a claim for denial of access to the courts.

### III.

For the reasons stated, the court will dismiss Coleman's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The clerk is directed to send a

2

Case 7:12-cv-00387-SGW-RSB   Document 6   Filed 08/21/12   Page 2 of 3   Pageid#: 20

'right to bring to court a grievance that the inmate wished to present,' and violations of that right occur only when an inmate is 'hindered [in] his efforts to pursue a legal claim.'" Plyler v. Moore, 100 F.3d 365, 373 (4th Cir. 1996). Correctional facilities must provide those tools "that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. In order to establish a claim of denial of access to the courts, an inmate must allege an *actual injury* (such as the defendants causing an actionable claim to be lost or preventing the plaintiff from filing a claim) resulting from the denial. Lewis, 518 U.S. at 348; Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc).

Here, the only "injury" discernible from Coleman's complaint is his inability to obtain a preprinted form for filing a habeas petition. Coleman has not alleged that SVRJA staff hindered his ability to file a habeas petition, or that he is otherwise unable to file a petition. In fact, within weeks of his first request to SJRVA regarding habeas, Coleman had successfully instituted this § 1983 action. Nothing in Coleman's complaint indicates that SVRJA would interfere with his ability to do the same with a habeas petition. The court therefore finds that Coleman's allegations are insufficient to state a claim for denial of access to the courts.

### III.

For the reasons stated, the court will dismiss Coleman's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The clerk is directed to send a

copy of this memorandum opinion and the accompanying order to the plaintiff.[1]

**ENTER**: August 21, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] If Coleman wishes to seek relief under 28 U.S.C. § 2241 or 2254, he may use the appropriate attached form.